UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TADD RIEHLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:04-CV-00060-AS |
| ) | |
| JDM INFRASTRUCTURE, LLC and ) | |
| JDM INFRASTRUCTURE - INDIANA ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, ORDER AND OPINION

This matter is before the Court on the motion for summary judgment filed by Defendants JDM Infrastructure, LLC and JDM Infrastructure - Indiana, LLC (Docket No. 38). That motion has been fully briefed by the parties and oral arguments were heard in Lafayette, Indiana.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Celotex Corp v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Bragg v. Navistar Int'l Trans. Corp.*, 164 F.3d 373 (7th Cir. 1998). *Celotex* addressed the initial burdens of the parties under Rule 56, and *Anderson* addressed the standards under which the record is to be analyzed within the structure of Rule 56.

The initial burden is on the moving party to demonstrate, "with or without supporting affidavits," the absence of a genuine issue of material fact and that judgment as a matter of law should be granted in the moving party's favor. *Celotex*, 477 U.S. at 324 (quoting FED.R.CIV.P. 56); *Larimer v. Dayton Hudson Corp.*, 137 F.3d 497 (7th Cir. 1998). A question of material fact is a question which will be outcome determinative of an issue in the case. The Supreme Court has instructed that

the facts material in a specific case shall be determined by the substantive law controlling the given case or issue. *Anderson*, 477 U.S. at 248. Once the moving party has met the initial burden, the opposing party must "go beyond the pleadings" and "designate 'specific facts shows that there is a genuine [material] issue for trial.'" *Id.* The nonmoving party cannot rest on its pleadings, *Weicherding v. Riegel*, 160 F.3d 1139 (7th Cir. 1998); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918 (7th Cir. 1994); nor may that party rely upon conclusory allegations in affidavits. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 320 (7th Cir. 1995). During its summary judgment analysis, the court must construe the facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560 (7th Cir. 1996).

At present there is a very narrow slice of claims in this case remaining for trial. The remaining claim is a very close case, but is barely sufficient to keep the courthouse doors open. This case remains a first setting for jury trial in Lafayette, Indiana on May 30, 2006 at 9:30 a.m. Counsel *must* be ready to proceed then. For the record the pending motion for summary judgment is **DENIED**, but will likely be revisited on a motion for directed verdict at trial.

The able counsel in this case should engage in "deep reality therapy" and look closely at possible settlement. If timely requested the services of a United States Magistrate Judge are available for that process.

**SO ORDERED.**

Date: **April 17, 2006**

S/Allen Sharp
_____
ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT